ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDWIN ALONSO RODRÍGUEZ, S.A. PROPERTIES, INC.<br><br>Peticionario<br><br>v.<br><br>MAYAGÜEZ RESORT & CASINO, INC.,<br><br>Recurridos | KLCE202401393 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm. MZ2023CV01741<br><br>Sobre:<br>Cobro de Dinero: Incumplimiento de Contrato |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Álvarez Esnard y la jueza Díaz Rivera

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparecen Edwin Alonso Rodríguez (señor Alonso Rodríguez o el peticionario), en su capacidad de albacea de la Sucesión Santos Alonso Maldonado, y S.A. Properties Inc. (S.A, Properties) (en conjunto, parte peticionaria), y nos solicitan la revocación de la *Resolución* emitida el 3 de noviembre de 2024, por el Tribunal de Primera Instancia Sala de Mayagüez (TPI o foro primario), notificada el 4 de noviembre de 2014. Mediante la referida *Resolución* el foro primario declaró No Ha Lugar la *Moción solicitando Orden Protectora* presentada por el señor Alonso Rodríguez y S.A. Properties, al amparo de la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.2 y concluyó que la información solicitada en el descubrimiento de prueba es pertinente a la controversia ante su consideración.

Por los fundamentos que pasamos a exponer, denegamos la expedición del auto de *certiorari*.

### I.

Los hechos que motivan la presentación del recurso de epígrafe se originan con dos demandas presentadas por la parte peticionaria respectivamente, en contra de Mayagüez Resort & Casino (MRC o el

Número Identificador
RES2025_____

Recurrido), consolidadas por el foro primario. El 4 de octubre de 2023, el señor Alonso Rodríguez, en calidad de albacea de la Sucesión de Don Santos Alonso Maldonado, presentó Demanda sobre cobro de dinero e incumplimiento de contrato en contra de MRC, en la que reclamó el cumplimiento con los cánones de arrendamiento pactados y el pago de una deuda por dicho concepto.[1] El 12 de octubre de 2023, S.A. Properties presentó igualmente Demanda en Cobro de Dinero en contra de MRC, en la que reclamó el pago de una deuda por concepto de cánones de arrendamiento vencidos.[2] La Demanda presentada por el señor Alonso Rodríguez fue enmendada posteriormente el 19 de enero de 2024.[3]

El 18 de marzo de 2024, MRC presentó *Contestación a Demanda* y *Reconvención.* [4] Posteriormente, el 29 de agosto de 2024, MRC diligenció Citación a Deposición *Duces Tecum* a la firma de contadores, Rodríguez, Rivera & Toro, PSC, en la que les requirió la producción de todo documento relacionado a las auditorías de MRC y S.A. Properties realizadas desde el año 2007 al presente y el 30 de agosto de 2024, MRC presentó ante el foro primario, *Moción Informando Diligenciamiento de Citación*.[5]

En desacuerdo, el 27 de septiembre de 2024, la parte peticionaria presentó ante el foro primario *Moción para que* se *Expida Orden Protectora,* al amparo de la Regla 23.2 de Procedimiento Civil*,* 32 LPRA Ap. V. R. 23.2.[6] Allí expuso que la información que MCR intentaba descubrir, además de carecer de pertinencia en relación con las controversias del pleito de epígrafe, estaba cobijada por el privilegio de contador público, que establece la Regla 504 de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R.504.

El 31 de octubre de 2024, MRC presentó *Oposición a Orden Protectora* en la que enfatizó en la pertinencia de la información solicitada y

---

[1] *Véase* páginas 1-7 del Apéndice de la *Petición de Certiorari.*
[2] *Véase* páginas 495-498 del Apéndice de la *Petición de Certiorari.*
[3] *Véase* páginas 83-89 del Apéndice de la *Petición de Certiorari.*
[4] *Véase* Apéndice 7 de la *Petición de Certiorari.*
[5] *Véase* páginas 142-147 del Apéndice de la *Petición de Certiorari.*
[6] Véase páginas 148-161 del Apéndice de la *Petición de Certiorari* (Apéndice 12)*.*

la ausencia del privilegio invocado por la parte peticionaria por ser el MRC auditado por los mismos contables.[7]

Mediante *Resolución* emitida 3 de noviembre de 2024, notificada el 4 de noviembre del mismo año, el foro primario declaró No Ha Lugar la *Moción Solicitando Orden Protectora* presentada por el señor Alonso Rodríguez y S.A. Properties, al amparo de la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V., R.23.2 y concluyó que la información solicitada en el descubrimiento de prueba es pertinente a la controversia ante su consideración.

Insatisfechos con dicho dictamen interlocutorio, 8 de noviembre de 2024, la parte peticionaria presentó *Moción de Reconsideración* ante el foro primario, solicitud que les fue denegada mediante *Resolución* emitida y notificada el 21 de noviembre de 2024.[8]

Inconforme, el 26 de diciembre de 2024, la parte peticionaria presentó el recurso de epígrafe y como único señalamiento de error sostiene lo siguiente:

> EL TPI ABUSÓ DE SU DISCRECIÓN AL IGNORAR LA INVOCACIÓN DEL PRIVILEGIO CPA-CLIENTE, PERMITIENDO LA DIVULGACIÓN DE COMUNICACIONES CONFIDENCIALES EN CLARA VIOLACIÓN DE LA REGLA 504 DE EVIDENCIA Y LA JURISPRUDENCIA APLICABLE.

El 9 de enero de 2025, MRC presentó *Memorando en Oposición a la Expedición del Recurso de Certiorari* en la que reitera su postura en torno a la pertinencia de la información solicitada en el descubrimiento de prueba y la inaplicabilidad a los hechos concretos del caso, del privilegio invocado por la parte peticionaria.

Posteriormente, el 10 de enero de 2025, MRC presentó *Moción de Desestimación por Falta de Jurisdicción*, a la que se opuso la parte peticionaria. Arguye MRC, que procede desestimar la *Petición de Certiorari* toda vez que la parte peticionaria no notificó de la presentación del recurso al abogado de la Sra. Debbie Alonso Rodríguez, quien había presentado una solicitud de intervención ante el foro primario, antes de la presentación del

---

[7] *Véase* páginas 390-400 del Apéndice de la *Petición de Certiorari*.
[8] *Véase* Apéndice Núm. 20 páginas 456-460 y Apéndice 22, páginas 468-470, de la *Petición de Certiorari*.

recurso de epígrafe. Sin embargo, reconoce MRC que la intervención solicitada a la que alude como fundamento para solicitar la desestimación del recurso, no ha sido admitida por el foro primario.

Como cuestión de umbral, declaramos No Ha Lugar a la *Moción de Desestimación por Falta* de *Jurisdicción* presentada por MRC. Véase, Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[9] de un foro inferior.[10] Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari*, está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico,[11] que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[12]

---

[9] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019).

[10] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

[11] 32 LPRA Ap. V, R. 52.1.

[12] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra*, procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[13]. Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar.[14] Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nuestro ordenamiento ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[15] Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[16]

En cuanto a la revisión de resoluciones u órdenes sobre el descubrimiento de prueba, el Tribunal Supremo ha reiterado que los

---

[13] *Véase Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).
[14] 4 LPRA Ap. XXII-B, R. 40.
[15] *Coop. de Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[16] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

tribunales revisores no debemos interferir con las determinaciones discrecionales de los jueces del Tribunal de Primera Instancia en torno a éstas, salvo que se demuestre que dicho foro: "actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *PV Properties v. El Jibarito et al.*, 199 DPR 603, 612 (2018) (Sentencia), Opinión de conformidad emitida por la Juez Asociada Señora Rodríguez, a la cual se unieron el Juez Asociado Señor Filiberti Cintrón y el Juez Asociado Señor Colón Pérez.

**-B-**

El descubrimiento de prueba es el mecanismo que utilizan las partes para obtener hechos, título, documentos u otras cosas que están en poder de la parte demandada o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus derechos. *Mcneil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021). El propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). Es por ello que, desde *Sierra v. Tribunal Superior*, 81 DPR 554, 560 (1959), el Tribunal Supremo de Puerto Rico ha reconocido lo valioso y necesario que resulta un descubrimiento de prueba amplio y liberal. *Torres González v. Zaragoza Meléndez*, supra; *Mcneil Healthcare v. Mun. Las Piedras II,* supra*,* pág. 672. Dicho alcance amplio y liberal del descubrimiento de prueba, esencialmente, propicia las transacciones, acelera los procedimientos y evita sorpresas indeseables durante el juicio en su fondo. *Íd.*

Conforme a lo anterior, la Regla 23 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23, provee los parámetros concretos que regulan el

descubrimiento de prueba en los casos civiles. *Torres González v. Zaragoza Meléndez*, supra. En particular, la Regla 23.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1(a)*,* dispone que las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente y que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

Sobre ese particular, nuestro Tribunal Supremo ha expresado que los foros apelativos no han de interferir con el foro primario en el ejercicio de sus facultades discrecionales**,** excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Torres González v. Zaragoza Meléndez*, supra, citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Del mismo modo, el referido criterio de revisión aplica a la intervención de los tribunales apelativos en cuanto a las determinaciones interlocutorias de los tribunales de instancia. *Íd.*; *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000). Ello, a su vez, se evalúa a la luz de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra.

**III.**

Mediante la *Resolución* recurrida el foro primario denegó una solicitud de orden protectora presentada por el señor Alonso Rodríguez y S.A. Properties en el contexto del descubrimiento de prueba, por entender que la información solicitada es pertinente a la controversia ante su consideración.

Es la contención principal de la parte peticionaria, que la denegatoria a su solicitud de orden protectora constituye un abuso de discreción del foro primario, toda vez que dicha parte invocó un privilegio evidenciario. De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta la revisión de resoluciones dictadas

por el TPI, a manera de excepción, cuando se recurre de la denegatoria de una moción de carácter dispositivo y cuando se recurra de decisiones sobre privilegios evidenciarios, entre otras. Sin embargo, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Evaluado el recurso de *certiorari* aquí presentado por la Peticionaria, junto a la *Resolución* recurrida, bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, somos del criterio que procede denegar la expedición del auto de *certiorari* solicitado por el señor Alonso Rodríguez y S.A. Properties. Es nuestro criterio que en la resolución recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Lo cierto es que no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que mueva nuestra discreción para intervenir con el dictamen recurrido.

De la *Resolución* recurrida surge además, que esta se emitió en la etapa de descubrimiento de prueba. Sabido es que este Foro no debe de entender en asuntos sobre descubrimiento de prueba, a menos que se demuestre un fracaso a la justicia, cónsono con la Regla 52.1 de Procedimiento Civil, *supra*.

Tras un análisis objetivo, sereno y cuidadoso de la *Petición de Certiorari*, presentada por la parte peticionaria y el *Memorando en Oposición a la Expedición de Auto de Certiorari,* a la luz de los criterios esbozados en la Regla 52.1 de las de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. El error señalado por la parte peticionaria cuestiona la determinación del foro primario en torno a su solicitud de orden protectora para no divulgar información solicitada por el Recurrido durante el descubrimiento de prueba invocando el privilegio CPA-

cliente, esbozado en la Regla 504 de las Reglas de Evidencia de Puerto Rico.

No obstante, no identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al fundamentar la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *certiorari* solicitado por la parte peticionaria.

**IV.**

Por los fundamentos anteriormente expuestos, declaramos No Ha Lugar a la solicitud de desestimación presentada por el Recurrido y denegamos la expedición del auto de *Certiorari* solicitado por la parte peticionaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones